**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

IRVIN MURRAY,

      Plaintiff-Appellant,

v.

STATE OF WYOMING; WYOMING
ATTORNEY GENERAL; JUDY
UPHOFF, Director, Wyoming
Department of Corrections; VANCE
EVERETT, Warden, Wyoming
Department of Corrections State
Penitentiary; LT. (NFN) SIMMONS,
Corrections Officer Lieutenant,
Wyoming Department of Corrections
State Penitentiary; LT. (NFN)
KROESE, Correction Officer
Lieutenant, Wyoming Department of
Corrections State Penitentiary; (NFN)
PACHECO, Counselor, Wyoming
Department of Corrections State
Penitentiary,

      Defendants-Appellees.

No. 98-8095
(Dist. of Wyoming)
(D.C. No. 98-CV-239)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Irvin Murray, proceeding *pro se*, appeals the district court's dismissal of Murray's 42 U.S.C. § 1983 suit on the ground that Murray's complaint failed to state a claim upon which relief could be granted. Viewed liberally, Murray's complaint alleged two general claims: (1) that Murray was denied due process and equal protection when he was placed in solitary confinement for twenty-two days in violation of Warden's Directive 28:1997; and (2) that the penitentiary does not have a valid rule book, that the grievance procedure is not consistent or workable, and that the penitentiary employees lack adequate training to ensure that inmates receive due process and equal protection in disciplinary actions. The district court dismissed Murray's complaint for failure to state a claim. First, the district court noted that Murray failed to show that his twenty-two day placement in solitary confinement implicated the denial of a constitutionally protected liberty interest. *See generally Sandin v. Connor*, 515 U.S. 472 (1995). As to Murray's generalized claims about the grievance procedures at the penitentiary, the district

court concluded that because Murray had failed to state how he was treated differently from other similarly situated prisoners, his complaint did not state a valid equal protection claim.

Rather than addressing this issues on appeal, Murray instead simply restates, in three brief paragraphs, the cursory claims alleged in his complaint. The great bulk of his brief on appeal is spent attacking the power of the Wyoming State Penitentiary to hold him and the power of the United States District Court to adjudicate his claims on the ground that both institutions display a flag with yellow fringe. This argument is indisputably meritless. Because Murray's appeal is frivolous and malicious and fails to state a claim upon which relief may be granted, this court dismisses the appeal pursuant to 28 U.S.C. § 1915(e)(2). Accordingly, this appeal counts as a "prior occasion" for purposes of 28 U.S.C. § 1915(g). We further note that because the district court dismissed Murray's complaint for failure to state a claim, that dismissal also counts as a "prior occasion" for purposes of 28 U.S.C. § 1915(g). Finally, this court reminds Murray of his continuing obligation to pay all installments of the deferred

appellate filing fee until it is paid in full. No exception is made for dismissed appeals. *See* 28 U.S.C. § 1915(b)(2).

**DISMISSED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge